# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NOCHUS H. M. BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CV-1261 CAS |
| ) | |
| RENAISSANCE HOTEL MANAGEMENT, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Renaissance Hotel Management, LLC's ("Renaissance") Response to the Order Concerning Removal. Plaintiff has not filed a reply and the time to do so has passed.

The Order Concerning Removal stated that in the petition or notice of removal there must be allegations of each party's citizenship and, in cases involving limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). The Order directed Renaissance to provide information concerning (1) the state of plaintiff's citizenship, and (2) the states of which each of Renaissance's members was a citizen, including the state of the principal place of business for corporate members, both at the time of filing and the time of removal.

With respect to plaintiff's citizenship, Renaissance responds that based on certain documentary evidence and allegations in the petitions concerning plaintiff's residence, plaintiff was

a citizen of New Jersey at the times of filing and removal.[1] In the absence of any contradiction by plaintiff, the Court finds that Renaissance has adequately alleged plaintiff's citizenship.

With respect to its own citizenship, Renaissance responds that it is comprised of one member, Renaissance Hotel Operating Company, a corporation incorporated in the State of Delaware with its principal place of business in the State of Maryland. Renaissance does not specifically assert that these facts were true both at the time of filing and the time of removal, however, as required by the Order Concerning Removal and Eighth Circuit precedent.

A notice of removal "must plainly indicate that the requirements for federal jurisdiction are satisfied." 16 James Wm. Moore, et al., Moore's Federal Practice, § 107.30[2][a] (3d ed. 2007). In a case removed on the basis of diversity jurisdiction, as here, the removal notice must allege complete diversity of citizenship at the time the case was filed in state court and at the time of removal. See id. A notice of removal may be freely amended within the thirty-day period in which the notice must be filed. Id., § 107.30[2][a][iv]; Northern Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982). A defendant may amend the notice of removal after the thirty-day period has ended to correct a "defective allegation of jurisdiction," see 28 U.S.C. § 1653, but not to add a new basis for removal jurisdiction. ARCO Envtl. Remediation, LLC v. Department of Health

---

[1] The Court notes that Renaissance submitted the "affidavit" of Craig B. Kravit, which purports to authenticate Exhibits C-E attached to defendant's Response to the Order Concerning Removal. The "affidavit" was not sworn to before someone authorized to administer an oath, and therefore is not an affidavit. See Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006). Nor is the "affidavit" accompanied by a verification in which the filing attorney attests to the existence of the signed original. See E.D. Mo. Admin. Procedures for Case Management/Electronic Case Filing, § II.H. Accordingly, the "affidavit" cannot serve to authenticate the exhibits. Nonetheless, the Order Concerning Removal required "only allegations of requisite jurisdictional facts." Order Concerning Removal at 3 (Doc. 8). Renaissance has met this standard.

and Envtl. Quality of Montana, 213 F.3d 1108, 1117 (9th Cir. 2000); 16 Moore's Federal Practice, § 107.30[2][a][iv].  In this case, the thirty-day period has ended.

Although Renaissance has alleged the parties' citizenship in its response to the Order Concerning Removal, the Notice of Removal remains procedurally defective.  Renaissance will be ordered to file an Amended Notice of Removal to correct the defective allegations of jurisdiction, see 28 U.S.C. § 1653, which should include allegations regarding the parties' citizenship both at the time of filing and the time of removal.[2]

Accordingly,

**IT IS HEREBY ORDERED** that the stay previously imposed in this matter is **vacated**.

**IT IS FURTHER ORDERED** that defendant Renaissance Hotel Management, LLC is granted leave to file an Amended Notice of Removal as set forth herein by **October 14, 2009**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of October, 2009.

---

[2]Defendant should select the docketing event "Notice of Removal" and text in that the document being filed is an amended notice of removal.

3