UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NOCHUS H. M. BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CV-1261 CAS |
| ) | |
| RENAISSANCE HOTEL MANAGEMENT, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court notes that plaintiff has sued a fictitious party. In general, it is impermissible to name fictitious parties as defendants. Phelps v. U.S. Federal Government, 15 F.3d 735 (8th Cir.), cert. denied, 511 U.S. 1114 (1994). However, "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (quoting Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)). "If discovery identifies other persons who should be named as defendants, it will be simple enough for plaintiff to add them by amendment, after properly securing leave of court." Id. In such a case, rather than dismissing a claim, a court should order the disclosure of the fictitious party's identity by other defendants named and served, or permit the plaintiff to identify the person through discovery. Munz, 758 F.2d at 1257.

In this case, the amended petition assert claims against one named defendant and an "Unknown Defendant." The amended petition describes the unknown defendant as a janitorial employee of Renaissance St. Louis Suite Hotel, and alleges that at approximately 10:25 p.m. on

November 14, 2003, the janitor was mopping the floor of a restroom in the hotel and left a pool of water in which plaintiff slipped. The Court concludes the petition's allegations against the unknown defendant are specific enough to permit his identity to be ascertained after reasonable discovery.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is granted leave to promptly ascertain through appropriate discovery requests the identity of the unknown defendant, see Fed. R. Civ. P. 26(d), and file proof of service upon him by **December 7, 2009**. See Fed. R. Civ. P. 4(m). Upon learning the identity of the unknown defendant, plaintiff should promptly seek leave of Court to file an amended complaint to name him as a party.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this Order, plaintiff's claims against the Unknown Defendant will be dismissed without prejudice. See Rule 4(m), Fed. R. Civ. P.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of October, 2009.