# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NOCHUS H. M. BERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:09-CV-1261 CAS |
| RENAISSANCE HOTEL MANAGEMENT, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Renaissance Hotel Management, LLC's Motion to Limit the Value of Plaintiff's Medical Damages to the Amount Actually Paid (Doc. 35), which was filed on February 10, 2011. Plaintiff has not filed a response to the motion and the time to do so has passed. Under Eastern District of Missouri Local Rule 4.01(B), a party has seven days to file a memorandum in opposition to a motion, other than a motion for summary judgment. Rule 6(d) of the Federal Rules of Civil Procedure provides for an additional three days when electronic service is made pursuant to Rule 5(b)(2)(E), Fed. R. Civ. P.

Defendant's motion is filed pursuant to Missouri Revised Statutes § 490.715.5, which provides as follows:

> (1) Parties may introduce evidence of the value of the medical treatment rendered to a party that was reasonable, necessary, and a proximate result of the negligence of any party.
>
> (2) In determining the value of the medical treatment rendered, there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered. Upon motion of any party, the court may determine, outside the hearing of the jury, the value of the medical treatment rendered based upon additional evidence, including but not limited to:

> (a) The medical bills incurred by a party;
>
> (b) The amount actually paid for medical treatment rendered to a party;
>
> (c) The amount or estimate of the amount of medical bills not paid which such party is obligated to pay to any entity in the event of a recovery.
>
> Notwithstanding the foregoing, no evidence of collateral sources shall be made known to the jury in presenting the evidence of the value of the medical treatment rendered.

Mo. Rev. Stat. § 490.715.5.

Pursuant to § 490.715.5(2), there is a rebuttable presumption that "the dollar amount paid to satisfy the financial obligation to the health care providers is the value of the medical treatment rendered." Deck v. Teasley, 322 S.W.3d 536, 539 (Mo. 2010) (en banc). Defendant is attempting to rely on the statutory presumption to establish that the amount plaintiff paid to health care providers is the value of the treatment rendered, which defendant asserts in this case is Two Thousand Sixty-Three Dollars and Thirty Cents ($2,063.30). The statutory "presumption places the burden of producing substantial evidence to rebut the presumed fact on the party against whom the presumption operates," id., which is the plaintiff in this case. "If the presumption is not rebutted, then the only evidence of the value of medical treatment rendered is the dollar amount necessary to satisfy the financial obligation to the health care providers." Id. at 540.

As a result, if plaintiff fails to respond to the motion to limit the value of plaintiff's medical damage to the amount he actually paid, the statutory presumption remains in effect and defendant's motion should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file his response to defendant Renaissance Hotel Management, LLC's Motion to Limit the Value of Plaintiff's Medical Damage to the Amount Actually Paid by **March 16, 2011**.

**IT IS FURTHER ORDERED** that if plaintiff does not comply timely with this order, defendant's Motion to Limit the Value of Plaintiff's Medical Damage to the Amount Actually Paid will be granted.

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of March, 2011.