# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| NOCHUS H. M. BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1261 CAS |
| | ) | |
| RENAISSANCE HOTEL MANAGEMENT, | ) | |
| LLC, and UNKNOWN DEFENDANT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on plaintiff Nochus H. M. Berry's Motion to Remand. The

remaining defendant, Renaissance Hotel Management, LLC ("Renaissance"), has not opposed the

motion and the time to do so has passed. For the following reasons, the motion will be granted.

**Background**

On July 13, 2009, plaintiff filed his First Amended Petition in the Twenty-Second Judicial

Circuit Court, State of Missouri (City of St. Louis), alleging state law claims for respondeat superior,

negligence, and premises liability against Renaissance and an Unknown Defendant. Renaissance

removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, asserting jurisdiction on

the basis of diversity of citizenship. Plaintiff is a citizen of New Jersey, and Renaissance is a citizen

of the States of Delaware and Maryland because its sole member is a corporation organized under

the laws of Delaware with its principal place of business in Maryland.[1]

---

[1]Plaintiff's claims against the Unknown Defendant, whose citizenship was not alleged, were dismissed without prejudice pursuant to Rule 4(m), Federal Rules of Civil Procedure, on December 9, 2009.

Plaintiff now moves for remand, arguing that the Court lacks jurisdiction because the amount in controversy does not exceed $75,000. In support of his motion, plaintiff submits an affidavit including a stipulation that the amount of damages claimed in his action do not exceed $74,999.99 and that he will not accept more than that amount. Defendant does not oppose plaintiff's motion to remand.

**Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). The propriety of removal to federal courts depends on whether the claim is within the scope of the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(b). In the event the federal court determines that it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c). Removal statutes are strictly construed, In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts about the propriety of removal must be resolved in favor of remand. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. In re Business Men's Assurance Co., 992 F.2d at 183. The Court must look to the plaintiff's pleadings at the time of removal in determining whether removal was proper. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The Court notes that under Eighth Circuit precedent, Missouri state court

petitions such as plaintiff's, which seek an unspecified amount of damages, do not establish damages in excess of the jurisdictional amount and do not start the thirty-day time limit for removal. <u>See</u> <u>Knudson v. Systems Painters, Inc.</u>, 2011 WL 814152, at **3-4, __ F.3d __ (8th Cir. Mar. 10, 2011) (citing <u>In re Willis</u>, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam)).

Renaissance removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statute, complete diversity of citizenship between plaintiff and defendant must exist, and the amount in controversy must exceed $75,000, exclusive of interest and costs. In the First Amended Petition, plaintiff alleges that he suffered injuries to his right knee and leg and to his "body as a whole," and that he has and will be caused severe pain and suffering, emotional distress, and lost quality and enjoyment of life. In the prayers for relief against Renaissance, plaintiff seeks unspecified damages in a "fair and reasonable" amount.

The Supreme Court held in <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283 (1938), that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount. After a case has been removed to federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. <u>Id.</u> at 292-93. The rule from <u>St. Paul Mercury</u> has "consistently been applied to cases in which the petition at the time of the removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal jurisdiction had already attached." <u>Halsne v. Liberty Mut. Group</u>, 40 F. Supp. 2d 1087, 1090 (N.D. Iowa 1999).

Plaintiff's petition in this case, in contrast, does not expressly state a claim in excess of the jurisdictional amount. Furthermore, plaintiff now stipulates that his damages do not exceed and he

will not accept an amount greater than $74,999.99.[2]  Where state law prohibits plaintiffs from specifying damages in their state court complaints, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading.  See Salinas v. USAA Casualty Ins. Co., No. 4:10-CV-1103 DJS (E.D. Mo. July 27, 2010); McGuire v. J.B. Hunt Transport, Inc., No. 4:10-CV-746 MLM (E.D. Mo. June 10, 2010); Dyrda v. Wal-Mart Stores, Inc., 41 F.Supp.2d 943, 949 (D. Minn. 1999); Halsne, 40 F.Supp.2d at 1092.

Missouri Rules of Civil Procedure 55.05 and 55.19 prohibit the pleading of a specific amount in controversy in tort cases.  In the instant case, plaintiff's petition asserts tort claims against Renaissance for respondeat superior liability, negligence and premises liability.  The petition prays for a "fair and reasonable" amount of damages.  Under these circumstances, the Court finds that plaintiff's stipulation does not seek to amend his petition, but rather clarifies its demands.  As such, plaintiff's post-removal stipulation as to the amount in controversy can be considered to decide whether jurisdiction has attached.

As the party invoking jurisdiction, Renaissance has the burden of establishing that all prerequisites to jurisdiction have been satisfied.  Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).  Renaissance did not oppose plaintiff's motion, and therefore did not attempt to meet its burden.  The Court finds that the amount in controversy does not exceed $74, 999.99, and thus, jurisdiction was lacking at the time of removal.

---

[2]The Court believes this type of sworn stipulation is binding upon plaintiff, and may be enforced through appropriate sanctions.  See Fliter v. Werner Enters., 2005 WL 5834638, at *1 (E.D. Mo. Dec. 14, 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **GRANTED**.  [Doc. 44]

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Twenty-Second Judicial Circuit Court, State of Missouri (City of St. Louis), from which it was removed.

**IT IS FURTHER ORDERED** that defendant's Motion to Limit the Value of Plaintiff's Medical Damages to the Amount Actually Paid remains pending for resolution by the state court following remand.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __12th__ day of April, 2011.